### UNITED TIMBER CORP. v. BIVENS.

(District Court, E. D. South Carolina. February 20, 1918.)

### No. 189.

1. INJUNCTION ⊂⊃26(6)—ACTIONS AT LAW—RIGHT TO ENJOIN.
   Where a landowner, admitting that the grantee or successor of the grantee named in timber deeds had a right of way over the premises, but asserting that any right to enter and remove timber had expired, began an action at law for damages on account of an alleged trespass by the grantee in entering upon and cutting timber on lands not embraced in the right of way, maintenance thereof will not be enjoined, for proof of the grantee's title to the timber and right of entry would be a complete defense, available as well at law as in equity, and equity will not restrain a legal action or judgment when the controversy would be decided by a court of equity upon a ground equally available at law.

2. LOGS AND LOGGING ⊂⊃3(11)—TIMBER DEEDS—VESTED TITLE.
   Where timber deed, providing limited time for removal, declared that on expiration of that time it would be extended on the grantee's demand for an extension and payment of annual interest on the original purchase price, the grantee, upon demanding the extension and tendering the payment of interest, obtains a vested legal title to the timber, which can be set up in an action at law, notwithstanding the original period for removal had expired.

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. Logs and Logging ⬅3(15)—Timber Deeds—Extension.

While the grantee in a timber deed, which provided for an extension after expiration of the period prescribed, upon payment of interest on the original purchase price, is entitled on demanding the same and tendering the interest to a reasonable extension after expiration of the period limited, the question of what is a reasonable extension is one of fact for the jury.

4. Injunction ⬅52—Equity—Jurisdiction.

Standing timber, purchased from the owner of land, with a license to cut and remove it, so far partakes of the nature of real property that the right of removal will be protected by injunction, where the landowner's continuous interference might prevent removal within the time limited, for an action for damages would be inadequate.

5. Injunction ⬅26(6)—Scope of Relief—Equitable Relief.

Complainant claimed under timber deeds which authorized an extension of the period of removal on payment of annual interest on the original purchase price. Defendant, the owner of the premises, denied complainant's claim for the extension demanded on the ground that it was unreasonable, and, complainant having entered and cut timber, instituted an action at law for damages on account of the trespass. Judicial Code (Act March 3, 1915, c. 90) § 274b, 38 Stat. 956 (Comp. St. 1916, § 1251b), declares that in all actions at law, equitable defenses may be interposed by answer, plea, or replication, without the necessity of filing a bill in the equity side of the court, and that defendant shall have the same rights in such cases as if he had filed a bill embodying the defense of seeking the relief prayed for in such answer or plea. *Held* that, while a court of equity would protect complainant and prevent his loss of right of removal by reason of the expiration of the period of extension during the pendency of litigation, for an action for damages would be inadequate relief, yet, as such relief could be granted in the law action, the statute contemplating the granting of affirmative relief, the maintenance of such action should not be enjoined.

6. Injunction ⬅26(4)—Scope of Relief—Multiplicity of Suits.

In such case, where complainant asserted title under many different deeds, and a determination of the rights of the parties thereunder could not be had in the single action of trespass, it is proper, to prevent a multiplicity of suits, to enjoin defendant from instituting further actions at law, or interfering with complainant's right of entry pending a hearing, although, as it might first be heard, proceedings in the original action of trespass will not be enjoined.

In Equity. Bill by the United Timber Corporation against Joseph Bivens, Sr. On rule to show cause why a restraining order or preliminary injunction should not issue until hearing. Injunction denied in regard to pending action at law, but defendant enjoined until hearing from bringing other actions, or from interfering with complainant's alleged right to enter upon the lands for the purpose of enjoying easements granted by deeds set forth in the bill.

Legare Walker, of Summerville, S. C., and L. D. Lide, of Marion, S. C., for plaintiff.

Bryan & Bryan, of Charleston, S. C., and Holman & Boulware, of Barnwell, S. C., for defendant.

CONNOR, District Judge. Plaintiff alleges: That defendant is the owner of several tracts of land, some of which are contiguous, situate in Dorchester and Colleton counties, South Carolina, aggre-

gating several thousand acres. That by virtue of the deeds, attached to the bill, plaintiff corporation is the owner of the standing and growing timber on said tracts of land, with rights of way and other easements on and over said lands. That in the several deeds, under which plaintiff deraigns its title to the timber, are grants of a license to enter upon said lands at any time, during the period of 10 years from the dates thereof, and to cut and remove said timber, and a license, in fee, to construct tram roads, railroads, etc., on and over said tracts of land, for the purposes set forth in the deeds. That, in addition to the license extending over the period of 10 years, granted to the owners of the timber, the deeds contain the following provision:

"In case the said timber is not cut and removed before the expiration of said period, then that the said second party, his heirs, or assigns, shall have such additional time thereafter as he or they may desire, but in the last-mentioned event the said second party, his heirs, or assigns, shall, during the extended period, pay interest on the original purchase price, above mentioned, year by year, in advance, at the rate of 6 per cent. per annum."

That the period of 10 years expired several years since. That, in accordance with the provisions of the extension clause, in the deeds, and within the time required thereby, plaintiff or its grantors, tendered to the owners of the lands, the interest on the purchase price of the timber and, at the time of doing so, notified them that, under the right conferred by the deed, the full period of 15 years was desired to cut and remove the timber. That defendant refused to accept the interest so tendered, or to grant the extension of the license for the period named, or for any other time. That the interest so tendered was deposited, subject to the call of the said owners, and that, year by year, and each year, up to and including 1917, the tender of the interest had been made and in all respects kept good. That on September 10, 1917, plaintiff, "by virtue of its right and title to the timber, timber rights, and other property rights, entered upon one of the tracts of land, to wit, the 'Blue House' tract," containing 1,579 acres, for the purpose of clearing out a right of way for the location and construction of a tram road to be used in connection with the cutting and removing of the said timber from the said tract of land, and all the other tracts of land upon which it owned timber, and for the purpose of doing other work preparatory to the cutting and removing the timber from the said tract of land, and all the other tracts of land upon which it owned timber, and for the purpose of doing other work preparatory to the cutting and removing of timber from the said land, and in the proper and legitimate prosecution and exercise of its rights. That defendant, in willful and wanton violation of the complainant's rights, and with intent to hinder and delay, harass, and impede the complainant in the exercise of its said rights, forbade complainant's agents from entering upon the said land for the purposes aforesaid, and took the names of its laborers, agents, or employés, and warned them to keep off said lands, thereby intimidating its laborers, agents, or employés, and interfering with its lawful pursuits and acts. That defendant, on or about the 29th day of September, 1917, instituted an action at law in this court against the complainant herein, alleging and

pretending a willful trespass, by complainant, upon the said Blue House tract, by reason of the acts of complainant's servants and employés, and alleging that he had sustained damage thereby to the amount of $500 and that, by reason of complainant's declared intention to cut and carry away the timber from said tract of land, he was damaged to the extent of $50,000. A certified copy of the record in the action at law is attached to and made a part of the bill.

Complainant further alleges that it is informed and believes that defendant intends to continue to molest, hinder, and interfere with the complainant in the exercise of its right to cut and remove said timber from all of the lands referred to and described in its bill, and in the enjoyment of its right to use and enjoy its aforesaid timber rights and other property, and to institute other actions at law, against complainant as soon as complainant re-enters upon said Blue House tract and upon any other of the said tracts of land described in its bill, etc. The bill contains other averments material to be considered on the final hearing, but not relevant to the question presented upon the motion, for a preliminary restraining order. Complainant asks for a decree, enjoining defendant from prosecuting the action at law, now pending, from instituting other actions at law against complainant relating to the timber and other rights of complainant in respect to the said lands, enjoining defendant from interfering with, hindering, delaying, or harassing complainant in the exercise of its rights and property in, or in regard to, the timber on said land, or other rights in, or relating to, said lands, etc.

Defendant, answering the bill, admits that he is the owner of the Blue House and other tracts of land referred to and described therein; that the deeds conveying the standing timber on said lands, and the rights of way and other easements described, were executed as alleged; that such timber, privileges, easements, etc., as were conveyed and granted by said deeds, have by assignment and conveyance vested in complainant; that complainant tendered the amounts alleged, on the days and at the dates alleged, and that complainant, at time of making such tender demanded an extension of 15 years, from the expiration of the period of 10 years named in said deeds, to cut and remove the timber from said lands; that defendant refused to accept the amounts tendered, or to grant the extension of time demanded for cutting and removing such timber, as alleged in the bill.

In regard to the alleged trespass on the Blue House tract, on September 10, 1917, defendant avers that, on said date—

"complainant, through its agents and servants, entered upon one of the tracts of land described in the bill of complaint, to wit, the Blue House tract, and knowingly, willfully, wantonly, maliciously, and with a high hand cut down, carried away, and converted to its own use a large quantity of timber from said land, outside of said permanent rights of way, admitted to be the property of said complainants, and blazed trees and cut paths outside of the said rights of way, and that defendant thereupon, with the intent and for the sole purpose of protecting his property from this unlawful invasion by the complainant, did inquire who the said trespassers were, and at whose direction and by what authority they were so trespassing, and thereupon took their names and forbade them from entering upon any of the lands of the defendant outside of the said rights of way for any purpose whatsoever."

Defendant admits that, on the 29th day of September, 1917, he instituted an action at law for trespass against complainant, on account of the entry on said land by complainant's servants and agents, in which he claimed the amount of damages alleged. He denies that he has interfered, or has any intention to interfere with, complainant, in the lawful use of its permanent rights of way. He avers that he is the lawful owner of the land in fee simple, and was and is in the actual exclusive possession of all of the said tracts of land, described in the bill of complaint, excepting the said rights of way, and that his acts, intents, and purposes thereabout have been in good faith and without intent to molest or interfere with the lawful rights of complainant, etc. He further alleges:

"That the additional period of 15 years, claimed by the complainant in said notice, herein set forth, for cutting and removing the timber from any and all of the said tracts of land, was and is unreasonably excessive."

Complainant obtained a rule on defendant requiring him to show cause why a restraining order, or preliminary injunction, should not issue until the hearing. This motion was argued upon defendant's return to the rule, and is now to be disposed of. The arguments and briefs of counsel were chiefly directed to the prayer for an order restraining defendant from prosecuting his action at law pending in this court, and from bringing other actions at law against complainant, respecting its claim to the timber and the exercise of its rights of way and other easements over the lands upon which said timber is standing.

[1] Defendant resists this motion, insisting that complainant has a complete and adequate legal defense, if its contentions be valid, to the action at law now pending. He challenges the power of the court, upon the facts set forth in the bill, to enjoin the prosecution of said action. As other questions arise upon the motion to restrain defendant from bringing other actions, it will be postponed until the question regarding the pending action is disposed of. Reference to the pleadings in the action at law discloses that the plaintiff therein, defendant herein, alleges that he is the owner and in possession of the tract of land described in his complaint and known as "Blue House"; that on the 10th day of September, 1917, defendant, complainant herein, by its agents and servants, "knowingly, willfully, wantonly, and maliciously, and with a high hand, entered upon the said land outside of a railroad right of way through said land, cut down and carried away and converted to their own use a large quantity of timber from said land, and blazed trees and cut paths, and against the warning of this plaintiff knowingly, willfully, and maliciously have continued to cut and carry away and convert to their own use timber from the said land, blaze trees, and cut paths, outside of a railroad right of way through said land," to his damage, etc. Defendant, in that action, answers the complaint, admitting that plaintiff therein, is the owner and in possession of the tract of land described, but "denies that plaintiff was, at the times mentioned in the complaint, or now is, the owner of or in possession of, the timber upon the tract of land therein described, or the rights of way, privileges, and easements connected with the said

timber, or of a permanent railroad and tram road right of way." It denies the allegations in regard to the alleged trespass, but "admits that it has cut certain timber upon said land described in the complaint, and that it has cut out a railroad right of way through a portion thereof, and it alleges that, in doing so, it was exercising its legal rights."

For a second defense it sets up title to the timber and certain rights of way and easements on and over the land by virtue of a deed, a copy whereof is attached, being the same deed referred to and set up in the bill for the timber on the Blue House tract. It avers that it has, in all respects, complied with the terms, provisions, and conditions contained in said deed, and is by virtue thereof the owner of the timber, timber rights, ways, privileges, and easements conveyed and granted in and by said deed; that in respect to the acts and conduct of its agents and servants in entering upon said land it was exercising its legal rights. While it would seem that the real, substantial ground of the action for damages for the trespass is confined to the entry, and other acts of complainants, agents, and servants, outside the right of way, conceded to belong to complainant, it is manifest that the subject-matter intended to be brought into litigation, includes the right of complainant to cut and remove the standing timber, by virtue of the right and title, acquired by the deeds, and the course pursued since the expiration of the 10-year period, fixed for cutting, etc. To confine the litigation to the question whether complainant's servants exceeded the limits of the right of way, without regard to its larger claim, to own, and have the right to cut and remove, the timber outside the right of way would not meet the real contentions of the parties, and would narrow the scope of the controversy. If nothing more than the claim of complainant that it owns the timber standing on the Blue House tract, and defendant's denial of such claim is considered, it would seem that, upon well-settled principles of equity jurisprudence, the court would find no ground for interfering, by injunction, with the prosecution of the action at law. In that action, the owner, the defendant herein, being in possession of the land, sues complainant, the defendant therein, for trespass, laying his damage at $50,000. Complainant admits the entry as alleged, and justifies by averring that it is the owner of the standing timber, with a license to enter upon the land for the purpose of cutting and removing it, and, further, that it owns certain rights of way and easements in and over said land, and that the acts complained of were done in strict pursuance of its legal title and right. If, as insisted, the tender of the interest on the original purchase price of the timber, with the demand for an extension of the period for cutting and removing, with the license to enter for that purpose, for 15 years, vests a perfect legal title in the defendant, it is difficult to perceive any reason for invoking the injunctive power of a court of equity. It is a complete defense to the action at law. If it fails to convince the court of law that it has a perfect legal title to the timber and license to enter upon the land, plaintiff is entitled in that action to recover such damages as he has sustained by the unauthorized entry. The principle upon which, from this viewpoint, courts of equity enjoin actions at law, are quite elementary:

"Equity will not restrain a legal action, or judgment, when the controversy would be decided by the court of equity upon a ground equally available at law, unless the party invoking the aid of equity can show some special equitable feature, or ground of relief; and in the case assumed this special feature or ground must necessarily be something connected with the mode of trying and deciding the legal action, and not with the cause of action, or the defense themselves. * * * The principle is well established, and is universal in application that when a cause belongs to the jurisdiction of the law, courts of equity will never interfere or restrain the prosecution of the action, nor stay proceedings on the judgment, or execution, upon any mere legal grounds," etc. 4 Pom. Eq. (3d Ed.) § 1361.

[2] To the suggestion that, after the expiration of the original period fixed for cutting and removing the timber, the title reverted to the owner of the land, leaving in the purchaser only an option to purchase by paying the interest on the original price,' with an extension fixed either by the terms of the option, or the will of the purchaser, and therefore only an equitable title in him, it is sufficient. to say that whatever views were expressed in Crown Orchard Co. v. Dennis (D. C.) 220 Fed. 516, must give way to the contrary holding by the Circuit Court of Appeals on the appeal in 229 Fed. 652, 144 C. C. A. 62. It is held by many courts of eminent respectability that a deed for standing and growing timber of fixed dimension, with a period fixed for cutting and removing containing an extension clause, in the deeds under which complainant claims, conveys a base or qualified fee to the timber, which expires with the period fixed for cutting, with an option to purchase, carrying an extension of the period for cutting and removing the timber. Hoke, Judge, in Carolina Timber Co. v. Wells, 171 N. C. 262, 88 S. E. 327, says:

"The cases on the subject are to the effect, further, that a stipulation of the kind now presented * * * for an extension of the time within which the timber must be cut, is in the nature of an option, and it is held by the great weight of authority that contracts of this character do not of themselves create any interest in the property, but only amount to an offer to create, or convey, such an interest when the conditions are performed and working a forfeiture when not * * * complied with." Hawkins v. Lumber Co., 139 N. C. 161, 51 S. E. 855; Ives v. Railroad, 142 N. C. 131, 55 S. E. 74, 115 Am. St. Rep. 739, 9 Ann. Cas. 188.

If this is the correct interpretation of the deed conveying the timber, under which complainant claims, it had no present vested legal title to the standing timber after the period of 10 years from the date of the deed elapsed, but was entitled to apply to a court of equity to compel specific performance of the option, upon payment, or tender, of the interest; hence it would have no adequate legal defense to the action at law. The Court of Appeals, however, in dealing with a deed containing the exact language as the one under which complainant claims, in Crown Orchard Co. v. Dennis, supra, was of the opinion, upon its interpretation of what was said in Guffey v. Smith, 237 U. S. 101, 35 Sup. Ct. 526, 59 L. Ed. 856, that the purchaser of the timber under conditions substantially like those found in this case had a vested legal title to the timber upon making the tender, notwithstanding that the period fixed for cutting had passed; that the tender preserved the legal title to the timber, with its incidents, conveyed by the

deed. If the complainant had no legal title to the timber, but only an equity to sue for specific performance of the executory contract, an interesting question would be presented upon the recent act of Congress. Judicial Code, § 274b, Fed. Stat. Anno. (2d Ed.) 1061, 2 U. S. Comp. Stat. Anno. (1916) 2023. Accepting the view adopted by the Circuit Court of Appeals, it would seem that complainant may set up, and, if established, have, a perfect legal defense to the action at law. Mr. Justice Clifford, in Insurance Co. v. Bailey, 13 Wall. 616, 20 L. Ed. 501, says:

"Whenever a court of law in such a case is competent to take cognizance of a right and has power to proceed to a judgment which affords a plain, adequate, and complete remedy, without the aid of a court of equity, the plaintiff must, in general, proceed at law, because the defendant, under such circumstances, has a right to a trial by jury." Grand Chute v. Winegar, 15 Wall. 373, 21 L. Ed. 170; Scottish Union & Nat. Ins. Co. v. Bowland, 196 U. S. 611, 25 Sup. Ct. 345, 49 L. Ed. 619; Du Pont v. Gardiner, 238 Fed. 755, 151 C. C. A. 605; Kirkland v. Knox, 238 Fed. 806, 145 C. C. A. 116.

[3] Counsel for complainant insists that it appears, upon the pleadings, that no question of fact is in controversy; that under decisions of the Supreme Court of South Carolina, and of the federal court, in the Crown Orchard Co. Case, the complainant is entitled, upon tendering the interest, after the expiration of the period fixed by the deed for cutting and removing the timber, to a reasonable time within which to do so. This may be conceded. Defendant's counsel insists that what is a reasonable time is a question of fact, which he is entitled to have submitted to a jury. In the Crown Orchard Co. Case, supra, the court says:

"Manifestly, in this view the additional time which may be allowed becomes a question of fact, to be determined by a consideration of all the circumstances and the application of the rule of reason."

The courts now generally hold that what is reasonable time, within which a right may be asserted, or for the performance of a contract, when no time is fixed, is a mixed question of law and fact. In Ould v. Spartanburg R. R. Co., 94 S. C. 184, 77 S. E. 866, it is said:

"What is a reasonable time depends upon * * * each particular case, and no definite rule has yet been laid down," or indeed can be laid down. "to govern all cases. The question is a question [of fact] for the jury to decide."

[4] Complainant's counsel insist that the purpose of the bill is not only to enjoin the further prosecution of the pending action at law, but to prevent defendant's interference with complainant, in making other and further entries upon the Blue House tract, or any other of the tracts upon which, under the same conditions, it owns the standing timber and rights of way; that if subjected to actions at law for each entry it makes, in the exercise of its rights, by such multiplicity of actions it will be deprived of its legal rights; that the time which it has demanded for cutting and removing the timber will pass while the litigation at law is pending, and that the remedy which is afforded by actions at law for damages, or by way of defense in actions by the defendant, would be inadequate to protect its legal rights, and secure·

248 F.—36

the use and enjoyment of its property—the timber. It is settled by many decisions that standing timber purchased from the owner of the land, with a license to cut and remove it, so far partakes of, and constitutes, real property, that its possession, use, and right to remove will be protected by injunction; that an action for damages for withholding it, and depriving the owner thereof, does not afford an adequate remedy. Courts of equity, therefore, take jurisdiction, and by injunction protect such property from destruction and its owner from interference with the exercise of his contractual right to appropriate and bring it into his actual possession and control, although the title is legal. Cases of this character fall within the third class enumerated by Prof. Pomeroy:

"When the primary right of interest of the complaining party is legal, one which is created by the law, and cognizable by the law courts, and his remedial right and the remedies which he procures are entirely equitable." 1 Pom. Eq. § 227.

The jurisdiction is exercised because the legal remedies are inadequate to secure complete justice, owing partly to the form of such remedies, and partly to the imperfection of the legal mode of procedure. 2 Pom. Eq. 1364. In such cases the court of equity required the legal right to be established in an action at law, in which controverted issues of fact could be settled by the jury.

[5] It is urged by defendant's counsel here that because of the provisions of the act of 1915 (Fed. Stat. Anno. [2d Ed.] 1061, 2 U. S. Comp. Stat. Anno. [1916] 2023), which provides that:

"In all actions at law equitable defenses may be interposed by answer, plea or replication without the necessity of filing a bill on the equity side of the court. The defendant shall have the same rights in such case as if he had filed a bill embodying the defense of seeking the relief prayed for in such answer or plea. Equitable relief respecting the subject matter of the suit may thus be obtained by answer or plea." Judicial Code, § 274b.

An interesting question of practical importance will be presented for the decision of the federal courts, whether the defendant, in an action at law will be confined, in the use of his equitable defense, to a bar of recovery, or may, by way of equitable counterclaim, demand affirmative equitable relief. In those states in which equitable rights and remedies may be enforced in the civil action, the distinction as to method of procedure having been abolished, it is generally held that the "equitable defense" may be used not only to defeat plaintiff's action, but by way of counterclaim as the basis for affirmative relief. The subject is discussed and authorities cited by Prof. Pomeroy. 4 Equity (3d Ed.) 1366–1374. The federal statute would seem to be sufficiently broad to permit the use of equitable rights, as the basis of affirmative relief. It contemplates the prayer for "affirmative relief" in the answer or plea. It would seem, therefore, that in the pending action the complainant may, in addition to the judgment that "plaintiff take nothing," etc., have an affirmative adjudication of its title to the timber, and easements over the land, with a permanent injunction against interference with its use and enjoyment of them according to its right, both legal and equitable. The result to which legislation per-

mitting equitable rights and remedies to be enforced by defendants, in actions at law, has brought the courts, is stated by Prof. Pomeroy:

"When the jurisdiction is concurrent, or, in other words, when the interests and primary rights of the parties are legal, and the only question between the two courts relates to the adequacy of their respective remedies, as a general rule, the tribunal which first exercises jurisdiction is entitled, or at least permitted, to retain an exclusive control of the issues. It is therefore a well-settled doctrine that, in cases of this kind, where the primary rights of both parties are legal, and courts of law will grant their remedies and courts of equity may also grant their peculiar remedies, equity will not interfere to restrain the action or judgment at law, provided the legal remedy will be adequate; that is, provided the judgment at law will do full justice between the parties and will afford a complete relief, the adequacy or inadequacy of the legal remedy is the sole test. On the other hand, in cases of this general class, equity will enjoin the action at law and will determine the whole case, whenever the legal remedy is inadequate; and the legal remedy is deemed to be inadequate if the ends of justice will not be satisfied by a mere judgment for the defendant in the action at law, but would require that some distinctly equitable relief, such as a cancellation 'or reformation of the instrument sued upon be conferred upon him. If any affirmative equitable relief is necessary to a full settlement of the controversy, and to a complete protection of the defendant's rights, a court of equity will interfere, entertain a suit for such relief and enjoin the action at law." 4 Pom. Eq. § 1363.

It would seem that, if the complainant in the action at law may have full and adequate relief and all of its legal and equitable rights protected and enforced, no injunction should issue, at this time, enjoining the defendant from prosecuting it. The case is pending on the law side of this court. If, at any time before the final hearing, it appears that any necessity arises for the interference of the court by the exercise of its equitable power the motion may be renewed upon notice.

[6] Complainant further asks that defendant be enjoined, until the hearing, from interfering with its servants, employés, and agents in exercising their alleged rights in respect to the timber standing upon portions of the Blue House other than that upon which the entry was made and the other tracts of land described in the bill, upon which it claims to own the timber and rights of way. This prayer is based upon the allegation that, unless restrained, defendant will either prevent complainant from exercising its legal rights, or subject it to actions at law for each entry upon every tract of land upon which it claims and he denies its title to the timber and right of entry, thereby compelling it to surrender its property or be called upon to defend a multiplicity of actions. While defendant does not admit that he intends to pursue the course alleged, it is manifest that such is his purpose. Being in possession of the land, the timber standing upon it, constituting an essential part of it, he is not called upon to take affirmative action for its protection. As the right of complainant to cut and remove the timber is, by the terms of the contract and its tender of the interest, restricted for 15 years from the date of the tender, April 14, 1912, unless by some appropriate procedure, it may have its rights declared and protected, they will be lost by lapse of time—6 years having passed. While the timber and timber rights, and rights of way, are claimed by complainant, under separate deeds, several of the tracts of land are contiguous, defendant owns all of them, having

acquired title subsequent to the execution of the deeds, under which complainant claims the timber.

The ultimate facts upon which the rights of the parties depend are practically the same. It would seem that there should be some procedure, by which, in one suit or action, the rights of the parties may be adjudged and enforced, or protected. It may be that a bill in equity will be sustained to remove the cloud from the title to the timber, with an injunction against the owner of the land, restraining him from interfering with, or preventing the complainant from cutting and removing it. It is difficult to see how, by one action at law for trespass, the title to the entire timber on all of the tracts could be adjudged? Complainant could not maintain an action in the nature of ejectment. It would seem that the power vested in, and exercised by, courts of equity to protect the owners of easements by injunction against interference with their enjoyment may be invoked by complainant. This is substantially the purpose of the bill in this case. Defendant insists that the application for an injunction to prevent a multiplicity of actions cannot be maintained because only two parties are interested; that action could be brought only by the owner of all of the lands against the complainant alleged owner of all the timber. This is not always the test or ground upon which the court exercises its injunctive power. It is frequently so. Cases are found in the books in which the number of actions and inclusive character of the judgment to which the court of law is restricted, upon the property rights involved, constitutes ground for relief in equity, although the same persons are parties in each case. An injunction will issue—

"when the dispute is between two individuals, A. and B., and B. institutes, or is about to institute, a number of actions, either successively or simultaneously, against A., all depending upon the same legal questions and similar issues of fact; and A. by a similar equitable suit seeks to bring them all within the scope and effect of one judicial determination." 1 Pom. Eq. 252.

In such cases the court will not enjoin the actions at law until the complainant has established his legal right or defense. As no good reason appears why both the pending action at law and the suit in equity may not be speedily determined, and as the former may be heard first in order of time, I am of the opinion that the rights of both parties will be conserved by permitting the defendant to proceed with the trial of the action pending and enjoining further actions at law or interference with the entry of complainant on the lands upon which it claims to own the timber, until the hearing. If the status of the parties should, in the meantime, undergo any material change, endangering their rights, motions may be made in the cause for the purpose of protecting such rights.

An interlocutory decree will be drawn, refusing the injunction in regard to the pending action; that defendant be enjoined, until the hearing, from interfering with the exercise of the alleged right of the complainant to enter upon the lands for the purpose of enjoying the easements granted by the deeds set forth in the bill, or bringing other actions against complainant for trespass in entering upon such lands for the said purpose. The complainant will file a bond, with se-

curity to be approved by the clerk of this court, in the sum of $2,000, conditioned to pay the defendant such damages as he may sustain by reason of the granting of the injunction if, upon the final hearing, it shall be determined that it was not entitled thereto. The cost of this motion will abide the final decree.