## UNITED TIMBER CORPORATION v. BIVENS.*

## BIVENS v. UNITED TIMBER CORPORATION.

(Circuit Court of Appeals, Fourth Circuit. October 7, 1919.)

Nos. 1685, 1698.

1. Time ⬩9(10), 10(10)—Date of executing contract, and Sunday, excluded in computing term of contract.

Under a contract dated April 14th, for sale of standing timber to be removed within 10 years, with right of extension by payment of interest each year in advance, the time of expiration of the 10 years is to be computed by excluding the day in which the contract was executed, and a tender of interest for renewal on April 15th, the 14th being Sunday, held in time.

2. Trespass ⬩10—Action for trespass barred by contract.

Where defendant, having the right to remove timber from land within a fixed time, with right of extension as desired on payment of interest in advance each year, tendered interest for a year before expiration of the time fixed, it was not thereafter a trespasser because it demanded an extension for more than the reasonable time to which it was entitled.

3. Logs and logging ⬩3(15)—Jurisdiction to prevent multiplicity of actions warrants interference with logging contract.

A bill to enjoin defendant from interfering with complainant in cutting timber from a number of tracts of land under contracts held to state a case within equitable cognizance to prevent a multiplicity of actions at law.

In Error to and Appeal from the District Court of the United States for the Eastern District of South Carolina, at Charleston; Henry G. Connor, Judge.

Action at law by Joseph Bivens, Sr., against the United Timber Corporation. Judgment for plaintiff, and defendant brings error. Reversed.

Suit in equity by the United Timber Corporation against Joseph Bivens, Sr. Decree for complainant, and defendant appeals. Affirmed.

For opinion below, see 253 Fed. 968.

See, also, 248 Fed. 554.

L. D. Lide, of Marion, S. C., and Legare Walker, of Summerville, S. C., for United Timber Corporation.

Thomas M. Boulware, of Barnwell, S. C., and Julian Mitchell, of Charleston, S. C., for Joseph Bivens, Sr.

Before PRITCHARD and KNAPP, Circuit Judges.

KNAPP, Circuit Judge. Although one of these cases is an action at law and the other a suit in equity, they both involve substantially the same facts and may be disposed of in one opinion.

Joseph Bivens, Sr., plaintiff below in the law action and defendant in the equity suit, is the owner of a number of tracts of land in Dorchester county, S. C., subject to certain timber rights which were granted before he acquired the title. These grants were all made, or

may be treated as made, on the 14th of April, 1902, and all of them contain this provision:

"That the said second party, his heirs or assigns, shall have, and the same is hereby granted to him or them, the period of 10 years, beginning from the date hereof, in which to cut and remove the said timber from the said land, and that in case the said timber is not cut and removed before the expiration of said period, then that the said second party, his heirs or assigns, shall have such additional time therefor as he or they may desire, but in the last-mentioned event the said second party, his heirs or assigns, shall, during the extended period, pay interest on the original purchase price above mentioned, year by year in advance, at the rate of 6 per cent. per annum."

No timber was cut on any of the tracts within ten years from the date of the grants. The 14th of April, 1912, fell on Sunday, and on the following day the Oneida Timber Company, which then owned the rights in question, served written notices on Bivens, one for each grant, to the effect that it desired the additional period of 15 years in which to cut and remove the timber, and at the same time tendered to him the sum of 6 per cent. on the original purchase price of the grants. Upon his refusal to accept the same the money was paid into court, and he so notified. The like tender was made on the 14th of April of each succeeding year, and with the like result.

In September, 1917, the appellee, United Timber Corporation, which had acquired the grants in the previous November, commenced cutting operations on one of the tracts, known as "Blue House," containing some 1,579 acres. Thereupon Bivens brought an action against it for trespass, claiming damages in a large amount. The appellee in answer set up its ownership of the grant covering that tract and asserted its right to cut and remove the timber therefrom. In December following, and before Bivens' action was tried, the appellee filed its bill of complaint herein, setting up in detail the facts above summarized, averring its title to the timber on all the tracts embraced in the several grants, and its right to cut and remove the same, and asking in substance that defendant be enjoined from interfering in any way with the exercise of that right. On motion for a temporary injunction the court below declined to enjoin the action that Bivens had brought, but did restrain him from bringing any further actions. In his answer to the equity suit he appears to admit the specific facts alleged in the bill, but denies that they have the legal effect contended for by complainant.

[1] We may here dispose of the contention which is pressed in both cases, that the tender to Bivens, in connection with the notice of a desire for an extension of 15 years, was made too late, because the 10-year period named in the grants, "beginning from the date hereof," expired on the 13th of April, 1912. It is conceded that, if a tender on the 14th would have been in time, the tender actually made on the 15th was also in time, since the 14th was Sunday. The question whether the 10-year period came to an end on the 13th, or not until the 14th, is fully discussed, and the leading authorities reviewed, in the opinion of the learned District Judge in the equity suit (253 Fed. 968), and nothing needs be added to what he has said. We agree with his conclusion, which appears to be supported by practically all the modern

decisions, that the time in dispute was properly computed by excluding the date on which the grants were executed, and that, so computed, the tender was obviously made before the expiration of the 10-year period.

[2] The law action was tried first. At the close of the testimony, and without objection by counsel for Bivens, the court submitted to the jury three questions. These questions and the answers returned are as follows:

"Q. Was 15 years from April 15, 1912, a reasonable time for the removal of the timber? A. No.

"Q. What would be a reasonable time from April 15, 1912, for the removal of the timber by defendant from the Blue House tract? A. Twelve years.

"Q. What damage is plaintiff entitled to recover from defendant for the trespass on the Blue House tract? A. None."

Thereupon the court instructed the jury that they were bound to find nominal damages in favor of the plaintiff, and accordingly there was a directed finding of "one dollar"; the defendant not objecting to the amount. We are of opinion that this was an erroneous instruction. The jury having found that 12 years from April 15, 1912, would be a reasonable time for removing the timber, it seems necessarily to follow, under the ruling in Crown Orchard Co. v. Dennis, 229 Fed. 652, 144 C. C. A. 62, that the original grant of 10 years was thereby extended for 12 years more, and, as that time had not elapsed, the defendant was in no sense a trespasser upon the Blue House tract, but had begun cutting the timber thereon in the exercise of rights established in legal effect by the finding of the jury.

We are unable to see that plaintiff was entitled to nominal damages because the extension asked for in 1912 was greater than the jury found to be reasonable. If the tender to Bivens was made in due time, as we have decided, the holder of the grant was by its terms given such additional time as might be desired. We held in the Crown Orchard Case, construing an almost identical grant, that this meant only a reasonable time, and should be so limited to express the intention of the parties, and that the additional time which might be allowed was "a question of fact to be determined by consideration of all the circumstances and the application of the rule of reason." But when that question has been determined, and the period of reasonable extension fixed, as in this case by the finding of the jury, the rights conferred by the grant continue, and may be exercised during that period, the same in all respects as during the first period named therein. It was therefore error, as we think, to require the jury to change their answer to the third question and make a finding of nominal damages, because their answer to the second question had left no basis for the directed finding. The answer first returned should have been allowed to stand, and judgment ordered for the defendant.

[3] Upon the proofs in the equity suit the trial court found that, "in view of the size of the tracts and the situation of the parties, 15 years is not an unreasonable time within which to cut and remove the timber," and so entered a decree in accordance with the prayer of the complaint. The conclusion reached by us in the law action, as stated

above, and our decision in Crown Orchard Co. v. Dennis, supra, leave little to be said upon the questions raised by Bivens' appeal from this decree. Even if it were conceded, as he contends, "that a permanent injunction could not be issued to prevent a multiplicity of actions at law until complainant had shown by the result of at least one action at law that it had legal title," the sufficient answer would be, in our opinion, that on the findings of the jury in the law action brought by him the complainant was entitled to a judgment confirming its title to the timber on the Blue House tract. The error which gave Bivens a nominal judgment in that action should therefore be disregarded, or deemed corrected, thus removing the objection chiefly urged to the maintenance of the equity suit. Apart from this, however, we think it clear that complainant's bill states a case for equitable cognizance, as is convincingly shown in the opinion of the court below, to which we refer in this connection.

The contention is made that complainant comes into court with unclean hands, because it is alleged to be connected with or a part of an unlawful monopoly. It is enough to say in a word that no such defense was set up in the answer or established by the testimony.

The judgment in the law action will be reversed, and that cause remanded for further proceeding in conformity with this opinion. The decree in the equity suit is affirmed.

No. 1685: Reversed.
No. 1698: Affirmed.